UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

DHOORPATTIE KISSOON,
       Plaintiff,

v.

WAL-MART REAL ESTATE BUSINESSS TRUST, WAL-MART STORES EAST LP and VALLEY STREAM GREEN ACRES LLC,

       Defendant.

**MEMORANDUM AND ORDER**

23-cv-1593 (LDH) (ARL)

---

L<small>A</small>SHANN D<small>E</small>ARCY HALL, United States District Judge:

Dhoorpattie Kissoon ("Plaintiff") brings this action against Wal-Mart Real Estate Business Trust and Walmart Stores East, LP (together, "Walmart") and Valley Stream Green Acres LLC ("Valley Stream") (collectively, "Defendants"), alleging negligence. Defendants move pursuant to Rule 56 of the Federal Rules of Civil Procedure for summary judgment to dismiss Plaintiff's complaint in its entirety.[1]

### UNDISPUTED FACTS[2]

This dispute arises from Plaintiff's fall at Walmart's Valley Stream store. On September 3, 2022, Plaintiff was walking in the makeup aisle when she slipped on a "soapy, white liquid." (Defs.' Rule 56.1 Statement ("Defs.' 56.1 Stmnt") ¶¶ 1-4, ECF No. 22; Aff. of Thomas O'Connor ("O'Connor Aff."), Ex. C ("Pl.'s Tr.") 15:11-17, ECF No. 21-4.) Surveillance footage of the accident depicts an unidentified child creating the spill at 1:44:30 p.m. (Pl.'s Rule 56.1

---

[1] Although all Defendants joined in this motion, Valley Stream was dismissed from this case by stipulation on January 17, 2023, prior to the removal of the case to this District on February 23, 2023. (Aff. of Kevin Klein, Ex. D ("Stip. of Discontinuance"), ECF No. 23-6).

[2] The following facts are undisputed unless otherwise noted. Further, facts that were not contradicted by citations to admissible evidence are deemed admitted. *See Giannullo v. City of New York*, 322 F.3d 139, 140 (2d Cir. 2003) ("If the opposing party . . . fails to controvert a fact so set forth in the moving party's Rule 56.1 statement, that fact will be deemed admitted.").

1

Response ("Pl.'s 56.1 Resp.") ¶ 13, ECF No. 23-1; Decl. of Kevin Klein ("Klein Decl."), Ex. C ("Incident Video") at 55:48, ECF No. 23-5.)  At approximately 1:48:00 p.m., a customer spoke to a Walmart employee, who then steps away from the camera's view at 1:48:05 p.m.  (Pl.'s 56.1 Resp. ¶ 13; Incident Video at 59:18-23.)  At 1:48:33 p.m., the Walmart employee returned and placed a towel over the spill before moving off camera again.  (Pl.'s 56.1 Resp. ¶ 13; Incident Video at 59:50.)  Shortly thereafter, at 1:48:54 p.m., Plaintiff slipped on the spill and fell to the ground.  (Pl.'s 56.1 Resp. ¶ 13; Incident Video at 1:00:11.)  The Walmart employee informed her that the liquid had been on the floor for a few minutes and that the employee had "radioed for someone to come and put a cone there and [for] a cleaning crew."  (Defs.' 56.1 Stmnt ¶ 6.)

Pursuant to Walmart's protocol, employees at the Valley Stream Walmart store are to routinely inspect the floors throughout the day "to ensure there's no debris or liquid on the floor," conducting "safety sweeps" every two hours on weekdays and every thirty minutes to an hour on the weekends, depending on the department.  (*Id*. ¶ 8.)  Every employee is also required to carry an orange towel on them to address small spills on the floor.  (*Id*. ¶ 10.)  Walmart's protocol further requires employees who observe a spill to guard the area to prevent anyone from slipping in it while they call for help, or until they see another employee who could get help.  (*Id*. ¶ 11.)  The Walmart employee involved in this incident did not follow this protocol.  (*See id*. ¶ 14.)

On the day of the accident, Plaintiff went to urgent care, complaining of pain in her hip, wrist, and back.  (Klein Decl. at 2; Pl.'s Tr. 26:4-27:8.)  Over the next few weeks, Plaintiff underwent several MRIs, which revealed tears in her ankle and left shoulder, as well as herniated discs in her lower back and upper neck.  (Klein Decl. at 2; Pl.'s Tr. 33:7-34:22.)  Plaintiff underwent surgery on her left ankle on December 9, 2022.  (Klein Decl. at 2; Pl.'s Tr. 38:8-10.)

Plaintiff commenced this action in Queens County Supreme Court on November 30, 2022, (Verified Compl., ECF No. 1-1), and Defendants removed the case to this District on February 23, 2023. (Notice of Removal, ECF No. 1.) Plaintiff alleges that, as a result of Walmart's negligence, she suffered injuries that are "permanent in nature," alleging that she was made "sick, sore, lame and disabled," "has suffered and continues to suffer from severe pain, suffering, physical distress and anguish, fright, shock and nervousness," "has and will be required to undergo painful medical treatments including the need for possible future surgery," and "has been and will continue to be prevented from attending to Plaintiff's usual activities." (Compl. ¶ 44.)

## STANDARD OF REVIEW

Summary judgment must be granted when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The movants bear the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Feingold v. New York*, 366 F.3d 138, 148 (2d Cir. 2004).

Where the non-movant bears the burden of proof at trial, the movant's initial burden at summary judgment can be met by pointing to a lack of evidence supporting the non-movant's claim. *See Celotex Corp.*, 477 U.S. at 325. "But where the moving party has the burden—the plaintiff on a claim for relief or the defendant on an affirmative defense—his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (emphasis

omitted) (quoting W. Schwarzer, *Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact*, 99 F.R.D. 465, 487–88 (1984)); *see also Leone v. Owsley*, 810 F.3d 1149, 1153–54 (10th Cir. 2015) (collecting cases).

Once the movant meets their initial burden, the non-moving party may defeat summary judgment only by adducing evidence of specific facts that raise a genuine issue for trial. *See* Fed. R. Civ. P. 56(e); *Anderson*, 477 U.S. at 250; *Davis v. New York*, 316 F.3d 93, 100 (2d Cir. 2002). The Court is to believe the evidence of the non-movant and draw all justifiable inferences in their favor, *Anderson*, 477 U.S. at 255, but the non-movant must still do more than merely assert conclusions that are unsupported by arguments or facts. *Bellsouth Telecomms., Inc. v. W.R. Grace & Co.*, 77 F.3d 603, 615 (2d Cir. 1996).

Finally, "[i]n considering motions for summary judgment, a court can consider only admissible evidence." *Glowczenski v. Taser Int'l, Inc.*, 928 F. Supp. 2d 564, 569 (E.D.N.Y. 2013), *aff'd in part, dismissed in part*, 594 F. App'x 723 (2d Cir. 2014) (citing *Raskin v. Wyatt Co.*, 125 F.3d 55, 66 (2d Cir. 1997)). "The rules governing the admissibility of evidence on a summary judgment motion are the same as those governing admissibility at trial, and the district court has broad discretion in choosing whether to admit evidence." *Id.*

## DISCUSSION[3]

Under New York State law, in order to prevail on a slip-and-fall negligence claim, a plaintiff must establish that (1) a dangerous or defective condition existed and (2) the defendant either created the condition or had actual or constructive notice of the condition and its

---

[3] The parties dispute the applicable summary judgment standard. "Under the *Erie* doctrine, federal courts sitting in diversity apply state substantive law and federal procedural law." *Gasperini v. Ctr. for Humans., Inc.*, 518 U.S. 415, 427 (1996). It is well-settled that the federal summary judgment standard applies here. *See Tenay v. Culinary Tchrs. Ass'n of Hyde Park*, 281 F. App'x 11, 12 (2d Cir. 2008) (rejecting Plaintiff's argument that the summary judgment standard under New York law should apply in a slip-and-fall case). Nevertheless, the Court's determination would remain the same.

4

dangerousness.  *See Winder v. Exec. Cleaning Servs., LLC*, 936 N.Y.S.2d 687, 688 (2012).  If the plaintiff establishes that the defendant had either actual or constructive notice of a dangerous condition, the plaintiff must further demonstrate that "the defendant ha[d] a reasonable time to correct or warn of its existence."  *Byrd v. Wal-Mart, Inc.*, No. 006514-2010, 2013 WL 10981559, at *2 (N.Y. Sup. Ct. Aug. 08, 2013), *aff'd Byrd v. Walmart, Inc.*, 128 A.D.3d 629 2d Dep't 2015) ("Courts have ruled that a defendant is not liable where it obtains notice of a spill only seconds or minutes prior to a fall.").

      The parties in the instant action do not dispute that the evidence sufficiently demonstrates that the liquid on the floor created a dangerous condition, that Defendants did not cause the spill, and that Defendants had actual notice of the spill.  Defendants argue, however, that they cannot be held liable for negligence because they were not afforded a reasonable time to remedy the spill.  (Defs.' Mem. at 4–5.)  The Court agrees.

      Here, it is undisputed that the spill occurred at 1:44:30 p.m.  (Pl.'s 56.1 Resp. ¶ 13.)  Three minutes later, at or around 1:48:00 p.m., a Walmart employee was notified of the spill.  (*Id*.)  One minute later, Plaintiff suffered the accidental fall.  (*Id*.)  In other words, Defendants had only a minute's notice of the spill prior to Plaintiff's fall.  This brief time period is simply insufficient to establish that Defendants had a reasonable opportunity to remedy the condition that led to Plaintiff's fall.  Indeed, courts in this jurisdiction have routinely dismissed negligence claims for lack of notice where the Defendant had far more notice than that alleged here.  *See, e.g.*, *Byrd*, 2013 WL 10981559 at *2 (defendant did not have a reasonable opportunity to remedy a spill that occurred seven to eight minutes before the plaintiff's accident and within two minutes of an employee's discovery of the spill); *Gonzalez v. K-Mart Corp.*, 585 F. Supp. 2d 501, 505 (S.D.N.Y. 2008) (defendant did not have a reasonable opportunity to remedy a spill that occurred

5

less than three minutes after the defendant learned of the existence of the spill); *Stasiak v. Sears, Roebuck & Co.*, 281 A.D.2d 533, 534 (N.Y. App. Div. 2001) (defendant did not have a reasonable time to remedy a spill where the plaintiff slipped and fell not more than ninety seconds after the spill occurred).

Resisting this conclusion, Plaintiff directs the Court to *Johnson v. Wal-Mart Stores E., LP*. to support the argument that Defendants had sufficient time to correct the condition, or that there is at least a triable issue on the matter. (Pl.'s Opp. at 5–6.) But *Johnson* is of no help to Plaintiff. In *Johnson*, the Court found that there was a genuine dispute of material fact regarding whether the Defendant had actual notice of the dangerous condition, an element that the Defendants concede in this action. *Johnson v. Wal-Mart Stores E., LP*. No. 16-CV-1423, 2018 WL 401508, at *7 (E.D.N.Y. Jan. 12, 2018). However, of particular relevance here, the court in *Johnson* added that whether there was actual notice "does not end the inquiry." *Id*. Instead, "the plaintiff must also show that defendant had 'a sufficient opportunity, within the exercise of reasonable care, to remedy the situation' after receiving such notice." *Id*. at *8 (quoting *Aquino v. Kuczinski, Vila, & Assocs., P.C.*, 835 N.Y.S.2d 16, 19 (N.Y. App. Div. 2007)). And, because there wasn't sufficient evidence in the record regarding the amount of time that passed between the defendant's discovery of the spill and their attempt to remedy the situation, the court could not decide whether the defendant had a reasonable time to do so. *Id*. No such dispute exists in this case.[4]

---

[4] Plaintiff also argues that Defendants failed to exercise reasonable care in responding to the spill because the employee involved in the incident failed to adhere to Walmart's policy that employees should not leave the site of a spill. (*See* Pl.'s Opp. at 9-10.) Although "[a] defendant's failure to adhere to its own internal guideline or policy may be some evidence of negligence," policies that go "beyond the standard of ordinary care [] cannot serve as a basis for imposing liability." *Byrd v. Walmart, Inc.*, 128 A.D.3d 629, 630–31 (N.Y. App. Div. 2015); *see also Gilson v. Metro. Opera*, 5 N.Y.3d 574, 577 (N.Y. 2005). Here, Walmart's internal policy goes beyond the standard of ordinary care and, as such, the employee's failure to adhere to the policy cannot serve as a basis to find Walmart liable for negligence.

Because the record sufficiently demonstrates that Walmart did not have a reasonable time to remedy the spill after the employee was made aware, and the employee's failure to adhere to story policy is not a basis for negligence liability, Plaintiff fails to raise any issues of triable fact sufficient to withstand summary judgment.

## CONCLUSION

For the foregoing reasons, Defendant's motion for summary judgment is GRANTED.

                                              SO ORDERED.

Dated: Brooklyn, New York              /s/ LDH
       September 30, 2024                LaSHANN DeARCY HALL
                                         United States District Judge